UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MICHAEL MUMM**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WILLOUGH HEALTHCARE, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No. 2:23-cv-224<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MICHAEL MUMM** ("MUMM" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA), Florida Whistleblower Act (FWA), and the Florida Civil Rights Act (FCRA) and Florida common law for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, and (3) retaliation violation of the FWA.

## PARTIES

2. The Plaintiff, **MICHAEL MUMM** ("**MUMM**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

1

3. Defendant, **WILLOUGH HEALTHCARE, INC.** ("Defendant") is a Florida corporation with a principal place of business located in Tampa, Florida, and employed **MUMM** in Collier County, Florida.

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **MUMM**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8. **MUMM** timely files the instant action pursuant to 29 U.S.C. Section 626(d), which permits a plaintiff to file claims under the ADEA without having received a Notice of Right to Sue from the EEOC. **MUMM** timely filed his Charge of Discrimination against the Defendant on or about August 10, 2022.

## GENERAL ALLEGATIONS

9. **MUMM** began his employment with the Defendant in 1994 and was employed as an admissions counselor.

10. **MUMM** was born in 1961 and thus was well over the age of 40 at the time of his termination by the Defendant.

11. **MUMM** always performed his assigned duties in a professional manner and was very well qualified for his position.

12. **MUMM** always met and exceeded performance goals, and received very good to excellent performance reviews.

13. However, in or about March 2022, **MUMM** was assigned a new supervisor, who began to discriminate against him on the basis of his age.

14. On or about July 11, 2022, the Defendant approached **MUMM** and stated that **MUMM** was "too old," and that he's "been here too long."

15. The Defendant then replaced **MUMM** with someone outside of his protected class who is in her 20s.

16. At all material times, the Defendant was aware of **MUMM**'s age, which is the bases for its discriminatory employment practices toward him.

## **COUNT I – VIOLATION OF THE ADEA**

17. Plaintiff incorporates by reference Paragraphs 1-5 and 7-16 of this Complaint as though fully set forth below.

18. **MUMM** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

19. **MUMM** is a member of the protected age class (over the age of 40).

20. **MUMM** was well qualified for the positions he held with the Defendant.

21. Despite his qualifications, **MUMM** has suffered adverse employment action in the form of termination.

22. A younger person with inferior qualifications and performance replaced **MUMM**.

23. The Defendant sought applicants for the same position that **MUMM** held who were outside of **MUMM**'s protected class.

24. The Defendant has discriminated against **MUMM** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

25. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **MUMM** because of his age.

26. The Defendant's violations of the law were knowing and willful.

27. A causal connection exists between **MUMM**'s age and his termination.

28. As a result of the above-described violations of the ADEA, **MUMM** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

29. **MUMM** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

### **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION**

30. Plaintiff incorporates by reference Paragraphs 1-4, 6-7 and 9-16 of this Complaint as though fully set forth below.

31. **MUMM** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

32. **MUMM** is a member of the protected age class (over the age of 40).

33. **MUMM** was well qualified for the positions he held with the Defendant.

34. Despite his qualifications, **MUMM** has suffered adverse employment action in the form of termination.

35. A younger person with inferior qualifications and performance replaced **MUMM**.

36. The Defendant sought applicants for the same positions that **MUMM** held who were outside of **MUMM**'s protected class.

37. The Defendant has discriminated against **MUMM** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

38. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **MUMM** because of his age.

39. The Defendant's violations of the law were knowing and willful.

40. A causal connection exists between **MUMM**'s age and his termination.

41. As a result of the above-described violations of the FCRA, **MUMM** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

42. **MUMM** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his

position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### **COUNT III –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT**

43. Plaintiff incorporates by reference Paragraphs 1-4, 6-7, 9 and 11-12 of this Complaint as though fully set forth below.

44. **MUMM** was an employee of the Defendant, a private company.

45. At all material times, **MUMM** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or

> the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

46. In the days just prior to his termination, **MUMM** engaged in statutorily protected activity by refusing to follow an order to process new patient admissions when the Defendant's staffing levels fell below AHCA regulations, as processing the admissions would have been a violation of FAC 59A-36.010(3).

47. **MUMM** thus objected to, and refused to participate in, the Defendant's violations of a law, rule or regulation.

48. After engaging in statutorily protected activity, **MUMM** suffered negative employment action – his termination – which is a direct result of his statutorily protected activity.

49. **MUMM**'s termination and his engaging in statutorily protected activity are causally related.

50. The Defendant knew that **MUMM** was engaged in protected conduct as referenced herein and took adverse action against him because of it.

51. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **MUMM** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career paths that was anticipated from his employment.

52. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MUMM** is entitled to all relief necessary to make him whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 30, 2023  /s/Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134

Telephone: (239) 985-9691  
Fax: (239) 288-2534  
Email: byormak@yormaklaw.com